UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT FEREBEE,

                              Plaintiff,                    **AMENDED COMPLAINT**

    -against-                                           PLAINTIFF DEMANDS
                                                            TRIAL BY JURY
THE CITY OF NEW YORK, POLICE OFFICER
DANILO CRUZ, Shield # 012954, SERGEANT        Case No.: 15-cv-01868
MICHELLY ROSARIO, Shield # 1778, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                              Defendants.
------------------------------------------------------------X

        Plaintiff ROBERT FEREBEE, for his complaint, by his attorney DAVID A. ZELMAN, upon information and belief, respectfully alleges as follows:

I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff ROBERT FEREBEE (hereinafter "FEREBEE" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about September 8, 2014, FEREBEE was falsely arrested with excessive force by employees of the City of New York, including but not limited to Police Officer Danilo Cruz, Shield #012954. As a result of the violation of his constitutional rights, FEREBEE suffered physical and mental injuries.

II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

III. PARTIES

3. FEREBEE at all times relevant hereto resided in Bronx, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER DANILO CRUZ, Shield #012954, (hereinafter "CRUZ" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. CRUZ is sued in their official and individual capacity.

6. Defendant SERGEANT MICHELLY ROSARIO, Shield # 1778, (hereinafter "ROSARIO" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. ROSARIO is sued in her official and individual capacity.

7. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

8. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances,

regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about September 8, 2014, at approximately 1:00 P.M., FEREBEE was outside the 45th Police Precinct at 2877 Barkley Avenue, Bronx, NY.

10. FEREBEE was approached by employees of the City of New York, including but not limited to Defendant CRUZ and ROSARIO.

11. Defendant officers handcuff FEREBEE and performed a search of FEREBEE's person with excessive force.

12. FEREBEE was taken into the 45th Precinct and requested medical treatment, which was refused for approximately three hours.

13. After three hours, FEREBEE is transferred to Jacobi Medical Center for approximately four hours, released and returned to the 45th Precinct.

14. FEREBEE was detained at the precinct for an additional approximately three hours, and transferred to Central Booking.

15. FEREBEE was detained approximately one hour at Central Booking before again being transferred to Jacobi Medical Center for approximately three hours, released and returned to Central Booking.

16. FEREBEE was detained at Central Booking for an additional approximately seven hours, before being arraigned.

17. FEREBEE was charged with violations of PL 220.03 Criminal Possession of a Controlled Substance in the Seventh Degree, and released on his own recognizance.

18.  FEREBEE had to make approximately two additional appearances in court. All charges were dismissed on November 14, 2014.

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

19.  Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20.  That Defendants had neither valid evidence for the arrest of FEREBEE nor legal cause or excuse to seize and detain him.

21.  That in detaining FEREBEE without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. FEREBEE was but one of those persons.

22.  Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23.  As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of FEREBEE's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FEREBEE's rights, subjected FEREBEE to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, FEREBEE suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. That Defendants, with malicious intent, arrested FEREBEE and initiated a criminal proceeding despite the knowledge that FEREBEE had committed no crime.

29. That all charges against FEREBEE were terminated in his favor.

30. That there was no probable cause for the arrest and criminal proceeding.

31. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FEREBEE'S rights, deprived FEREBEE of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

32. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, FEREBEE was maliciously prosecuted despite the fact that he had committed no violation of the law.

33. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

34. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FEREBEE's rights alleged herein.

36. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

37. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

38. That by reason of the foregoing, FEREBEE suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages

including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. By fabricating evidence, defendants violated FEREBEE's constitutional right to a fair trial.

41. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

42. As a result of the above constitutionally impermissible conduct, FEREBEE was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

43. Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44. That Defendants failed to intervene when Defendants knew or should have known that FEREBEE's constitutional rights were being violated.

45. That Defendants had a realistic opportunity to intervene on behalf of FEREBEE, whose constitutional rights were being violated in their presence.

46. That a reasonable person in the Defendants' position would know that FEREBEE's constitutional rights were being violated.

47. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

FEREBEE's rights, deprived FEREBEE of his liberty when they failed to intervene to protect him from Defendants' violation of FEREBEE's civil rights pursuant to Fourteenth Amendment of the United States Constitution.

48. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of civil rights by police officers. Thus, as a result of the above described policies and customs, FEREBEE was not protected from Defendants' unconstitutional actions.

49. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

50. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of FEREBEE's rights alleged herein.

52. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

53. That by reason of the foregoing, FEREBEE suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

IX. <u>FIFTH CAUSE OF ACTION</u>
Pursuant to § 1983 (ILLEGAL SEARCH)

54. Paragraphs 1 through 53 are hereby realleged and incorporated by reference herein.

55. That Defendants searched FEREBEE's person.

56. That Defendants' search of FEREBEE's person was unlawful in that Defendants did not obtain a search warrant before search FEREBEE's person, lacked probable cause to search FEREBEE's person, and lacked probable cause to arrest FEREBEE.

57. That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

58. By reason of the unlawful search of FEREBEE's person, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived FEREBEE of his privacy and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

X. <u>SIXTH CAUSE OF ACTION</u>
Pursuant to §1983 (EXCESSIVE FORCE)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

61. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

62. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

63. That at the time of the arrest or while in custody, Plaintifs did not pose a threat to the safety of the arresting officers.

64. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

65. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating her arrest.

66. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

67. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of her authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating their arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

68. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

69. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

70. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

71. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

72. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

73. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

74. Paragraphs 1 through 73 are hereby realleged and incorporated by reference herein.

75. That Defendants had no legal cause nor excuse to detain FEREBEE for a prolonged period prior to arraignment.

76. That Defendants detained FEREBEE excessively prior to arraignment in violation of FEREBEE's civil rights.

77. That Defendants detained FEREBEE with ill will and/or negligently.

78. That Defendants should have expeditiously investigated this matter and released FEREBEE.

79. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FEREBEE's rights, deprived FEREBEE of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

80. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

81. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

82. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

83. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

84. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of FEREBEE's rights alleged herein.

85. That Defendant, through its officers, agents and employees, unlawfully incarcerated FEREBEE for an excessive period of time prior to arraignment.

86. By reason of the foregoing, FEREBEE suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, FEREBEE has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, FEREBEE respectfully requests that judgment be entered:

1. Awarding FEREBEE compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding FEREBEE punitive damages in an amount to be determined by a jury;

3. Awarding FEREBEE interest from September 8, 2014;

4. Awarding FEREBEE reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       March 18, 2016

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

To: Ashley R. Garman, Esq.
    New York City Law Department
    100 Church Street
    New York, NY 10007